# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Roddy**
*Kelleen E. Stanley**
*Jenai M. Cerquoni**
*Lu'Shell K. Alexander**

*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

January 18, 2019

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

    RE:    Chapter 13 Bankruptcy Case No. 15-28052 (JNP)
              Debtor(s) Name: Anthony Salvatico, Jr.

Please accept this letter as a limited objection to Debtor's Notice of Settlement of Controversy for Harassment and Wrongful Termination Settlement against former employer.

      According to Debtor's Notice of Information, the gross settlement totals $100,000.00, with a net settlement to Debtor in the amount of $52,912.00.  Debtor claims $35,275.25 exempt under 11 U.S.C. §522(d)(11)(E); $17,637.63 exempt under 11 U.S.C.

      Pursuant to 11 U.S.C. §522(d)(11)(E) the Debtor may exempt a "payment in compensation of loss of future earnings of the Debtor or an individual of whom the Debtor is or was a dependent of the Debtor and any dependent of the Debtor to the extent reasonably necessary for the support of the Debtor and any dependent of the Debtor".  Debtor did not provide evidence that $35,275.25. from the settlement proceeds was awarded to Debtor for loss of future earnings or how this amount is reasonably necessary for the support of the Debtor or any dependent of the Debtor.  Pursuant to the settlement agreement provided, Debtor was awarded $44,000 less applicable deductions and withholdings for lost wages. The Trustee requests Debtor provide a breakdown on how this figure was calculated along with current pay advises for Debtor to assist the Court in determining what amount may be reasonable and necessary for support.

      Pursuant to 11 U.S.C. §522(d)(11)(D), the Debtor is entitled to claim $21,625.00 exempt on account of "personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss".  Accordingly, Debtor cannot claim $17,637.63 of the settlement proceeds exempt under 11 U.S.C. §522(d)(11)(D). The settlement agreement provided by Debtor reflects the amount of $22,666.00 payable to Debtor for non-wage compensation.

      If the Debtor is unable to provide evidence that $35,275.25.00 of the settlement proceeds was allocated for loss of future earnings and that $22,666.00 of the proceeds was allocated for

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, then the Debtor would be entitled to claim $7,599.07 exempt under 11 U.S.C. §522(d)(5). The balance should be forwarded to the Chapter 13 Standing Trustee for distribution to unsecured creditors whose claims total $129,960.67.

Based on the foregoing, the Trustee respectfully requests Debtor provide proof the settlement is allocated for loss of future earnings and proof of current household income. The Trustee further requests Debtor submit an amended Order to the Judge's Chambers under the Seven Day Rule to include the following language:

1. All non-exempt proceeds shall be forwarded to the Chapter 13 Standing Trustee to be distributed to unsecured creditors who filed timely claims; and
2. Debtor shall file an amended Schedule C within ten (10) days of the date of this Order.

As always, the Court is welcome to contact the Trustee with any questions.

Respectfully submitted,

*/s/ Jennifer R. Gorchow*
Jennifer R. Gorchow
Staff Attorney

JRG/jmc
cc:   Joseph J. Rogers, Esquire (Via CM/ECF)
      Anthony W. Salvatico, Jr, (Via regular mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**